O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
STEPHEN L. JONES,                   )  NO. ED CV 06-1102-E
                                    )
                Plaintiff,          )
                                    )
        v.                          )  MEMORANDUM OPINION
                                    )
JO ANNE B. BARNHART, COMMISSIONER   )
OF SOCIAL SECURITY ADMINISTRATION,  )
                                    )
                Defendant.          )
_____)
```

**PROCEEDINGS**

Plaintiff filed a Complaint on October 5, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a "Consent to Proceed Before a United States Magistrate Judge" on October 27, 2006.

Plaintiff filed a "Motion for Summary Judgment" on March 19, 2007. Defendant filed a "Motion for Summary Judgment" on April 12, 2007. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed October 11, 2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based primarily on post-traumatic stress disorder allegedly stemming from Plaintiff's military service in the Vietnam War (Administrative Record ("A.R.") 66-68, 177, 399-401). Plaintiff worked at various jobs until 2003, including the job of machine cleaner (A.R. 155-57, 419-20). In this job, Plaintiff spent all day using hand tools to unbolt and clean valves and then bolt the valves back together (A.R. 156-57; see also A.R. 419-20).

The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 12-421). The ALJ found Plaintiff has residual symptoms of post-traumatic stress disorder but remains capable of performing "moderately complex or simple tasks with no intensive, emotionally charged interaction with the general public" (A.R. 18-20). In response to a hypothetical question, the vocational expert testified that a person having these limitations could perform Plaintiff's past relevant work as a machine cleaner (A.R. 420-21). The ALJ denied disability benefits (A.R. 12-21). The Appeals Council denied review (A.R. 4-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the

2

Administration used proper legal standards.  See <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 846 (9th Cir. 1991); <u>Swanson v. Secretary of Health and Human Serv.</u>, 763 F.2d 1061, 1064 (9th Cir. 1985).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." <u>Ray v. Bowen</u>, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted).  However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim.  See <u>Torske v. Richardson</u>, 484 F.2d 59, 60 (9th Cir. 1973), <u>cert. denied</u>, 417 U.S. 933 (1974); <u>Harvey v. Richardson</u>, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1129 (9th Cir. 1991); <u>see also</u> <u>Batson v. Commissioner</u>, 359 F.3d 1190, 1196 (9th Cir. 2004); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001).

I.      **Substantial Evidence Supports the Conclusion Plaintiff Can Work.**

A social security claimant bears the burden of "showing that a physical or mental impairment prevents him from engaging in any of his previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987); accord Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff must prove his impairments prevented him from working for twelve continuous months. See Barnhart v. Walton, 535 U.S. 212, 218-25 (2002); Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986). Substantial evidence supports the conclusion Plaintiff failed to carry his burden in this case.

Dr. Malancharuvil, who testified as a medical expert, opined Plaintiff has no limitations beyond those found to exist by the ALJ (A.R. 412-18). A state agency physician concurs (A.R. 201-17).[2]

Plaintiff worked for decades following his wartime service despite experiencing some mental problems. A claimant's history of working despite impairments may constitute substantial evidence that the impairments are not disabling. See Ray v. Bowen, 813 F.2d 914,

---

[2] Where, as here, the opinion of a non-examining expert does not contradict "all other evidence in the record," the Administration properly may rely upon such opinion. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Curry v. Sullivan, 925 F.2d at 1130 n.2. The Administration may not rely solely upon the opinions of non-examining experts. See, e.g., Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995); Erickson v. Shalala, 9 F.3d 813, 818 n.7 (9th Cir. 1993). Reliance was not sole in the present case.

4

917 (9th Cir. 1987); Fox v. Heckler, 776 F.2d 738, 745 (7th Cir. 1985); Baker v. Gardner, 388 F.2d 493, 494 (5th Cir. 1968).[3]

The ALJ properly acted within his discretion to resolve conflicts and ambiguities in the evidence. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). Where, as here, the evidence "admits of more than one rational interpretation," the Court must uphold the administrative decision. Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

The vocational expert testified that a person having the limitations the ALJ found to exist could perform Plaintiff's past relevant work (A.R. 420-21). Such testimony provides substantial evidence supporting a finding of non-disability. See, e.g., Orr v. Sullivan, 796 F. Supp. 1368, 1373 (D. Or. 1992).

**II.    Plaintiff's Various Arguments Lack Merit.**

Plaintiff argues the ALJ should have adopted the written statements of George Cottam, a friend of Plaintiff.[4] ALJs must consider competent evidence supplied by persons who are in a position to observe a disability claimant's daily activities. See Stout v.

---

[3] The ALJ rejected the credibility of Plaintiff's assertions that his condition significantly worsened in the 21st century (A.R. 19-20). Plaintiff's motion does not challenge this credibility determination.

[4] Mr. Cottam apparently represented Plaintiff during administrative proceedings involving veterans' benefits (A.R. 135).

5

1  Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006); Dodrill v.
2  Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); see generally 20 C.F.R.
3  § 404.1513(e)(2). By his own admission, however, George Cottam has
4  not been in a position to observe Plaintiff on anything approximating
5  a daily basis. Cottam reportedly has spent only three or four hours
6  per month with Plaintiff (A.R. 172). Moreover, the vast majority of
7  Mr. Cottam's statements are not competent evidence because the
8  statements either lack a sufficient foundation to establish personal
9  knowledge or consist of opinions concerning medical matters (A.R.
10 172-80). See 20 C.F.R. § 404.1513(a).

12      Plaintiff argues that the hypothetical question posed to the
13 vocational expert was incomplete. Hypothetical questions posed to a
14 vocational expert need not include all conceivable limitations that a
15 favorable interpretation of the record might suggest to exist – only
16 those limitations the ALJ finds to exist. See, e.g., Bayliss v.
17 Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005); Rollins v.
18 Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Magallanes v. Bowen,
19 881 F.2d 747, 756-57 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d
20 771, 773-74 (9th Cir. 1986). Here, the hypothetical question posed
21 to the vocational expert included all limitations the ALJ found to
22 exist.

24      Finally, Plaintiff argues the ALJ gave insufficient
25 consideration to the demands of Plaintiff's past relevant work as a
26 machine cleaner. No material error occurred. As previously
27 indicated, Plaintiff bore the burden of demonstrating an inability to
28 perform his past relevant work. Plaintiff's description of the

requirements of this work, in writing and at the hearing before the ALJ, do not hint at any task that could not be performed by someone having the residual functional capacity the ALJ found to exist (A.R. 156-57, 419-20). In describing the job of machine cleaner, the Dictionary of Occupational Titles ("D.O.T.") does not list any task that might be beyond a person having this residual functional capacity. D.O.T. § 699.687-014. Notably, according to the D.O.T., the job does not require "talking" or "hearing," much less "intensive, emotionally charged interaction with the general public." Id. In any event, the vocational expert's testimony confirmed that a person having the limitations the ALJ found to exist could perform the job of machine cleaner (A.R. 420-21).

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 4, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

7